## No. 335

### SCOTT v. DEWLAND et

### No. 19693. Supreme Court

On motion to certify. Dock. Mar. 17, 1926.

**387. DEEDS — Under what circumstances will a court declare a deed null and void on the ground of fraud and failure of consideration?**

Veane Simmons Scott brought this action originally in the Wood Common Pleas against Hazel and Albert Dewland, in an attempt to nullify a deed and quiet title to a certain property in her.

The claim was made by Mrs. Scott that her son-in-law, Dewland, secured her signature to a deed without disclosing to her the nature or import thereof; that he had transacted her business for many years and that she had signed many papers at his request and trusted him fully and implicitly to conduct her business; that she never knew that he had a deed until long after its date and when she did discover it she immediately sought to have the same set aside.

It is not claimed by the defendants that any consideration whatever was given for said deed, but in their answer filed the defendants claim that the deed was a deed of gift. Scott claims that there was no consideration for said deed whatsoever and that there was no testimony to support the claim of a deed of gift.

The judgment of the Common Pleas for Dewland was affirmed by the Court of Appeals.

The Court allowed Frank Schillinger and Augusta Powers to remain in the Court room while the defendant, Albert Dewland, was being examined directly. The reason for this request was that counsel for plaintiff desired to cross-examine these parties as he had a right to do and desired that the two witnesses should not hear the testimony of the defendant, Albert Dewland, and should not hear the testimony of one another because considering the character of the case it became very important for the plaintiff to show that these witnesses were making different statements concerning the execution of the deed.

Mrs. Scott, in the Supreme Court, contends:

1. That there is no evidence to sustain a deed of gift.

2. That the trial court erred in its refusal to admit certain testimony produced and offered by her.

3. That the Court erred in admitting certain testimony offered by defendants.

4. That the trial court abused its discretion during the trial and hearing of said cause in refusing to allow a separate examination of the witnesses after the Court had made an order to that effect.

Attorneys—Benjamin F. James for Scott; S. W. Bowman for Dewland; both of Bowling Green.

---

## No. 336

### FILLO v. KANNA

### No. 19444. Supreme Court

On motion to certify. Dock. Nov. 25, 1925; 3 Abs. 754.

**677. JUDGMENTS—May Court of Appeals render judgment contrary to relief asked for below when no evidence, stipulations, or waivers to support the findings upon which judgment was based exists in the record?**

This action was based on the cancellation of a deed, accounting for rents and profits, quieting title and partition. The case was tried in the Mahoning Common Pleas and was decided in favor of Andy Fillo, the defendant. The Court of Appeals, it is claimed, found that the "plaintiff" Anna Kanna, (now Anna Zlatoper) had abandoned her claim in the petition, and had proceeded with the trial upon allegations made in the petition that "defendant" promised to pay her money for signing the deed. Judgment in the Court of Appeals was rendered against Fillo for $1250.

On motion to certify, Fillo questions the right of the Court of Appeals to change a cause of action from one in equity to one at law presenting a jury issue; and the right of said court to render a judgment entirely contrary to the relief asked below, when no evidence, stipulations, admissions or pleas to support the findings of abandonment and trial exists in the record.

It is further claimed that Court of Appeals was without jurisdiction to enter judgment; that the decision is contrary to law and against the weight of the evidence, and that the Court erred in reversing the judgment of the Common Pleas.

Attorneys—Friedman & Rummell for Fillo; D. W. Mumaw for Kanna; all of Youngstown.